UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO MOUZON,<br><br>            Plaintiff,<br><br>      v.<br><br>ALAMEDA COUNTY, et al.,<br><br>            Defendants. | Case No.: 1:24-cv-01170-SKO<br><br>**ORDER TRANSFERRING ACTION TO THE NORTHERN DISTRICT OF CALIFORNIA**<br><br>(Doc. 13) |

Plaintiff Alfonso Mouzon is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. section 1983.

**I.      RELEVANT BACKGROUND**

Plaintiff filed his complaint in the United States District Court for the Northern District of California on March 28, 2024. (Doc. 1.)  On September 30, 2024, Chief Magistrate Judge Donna M. Ryu issued an Order of Transfer, finding the "acts complained of in this complaint occurred at the Fresno County Jail" and determined venue properly lies in this district. (Doc. 7.) Judge Ryu ordered the matter transferred to this Court. (*Id*.)

This Court issued its First Informational Order in Prisoner/Civil Detainee Case on October 2, 2024 (Doc. 9) and its Order to Submit a Non-Prisoner Application to Proceed *In Forma Pauperis* or Pay the $405 Filing Fee Within (30) Thirty Days on October 15, 2024 (Doc. 10).

On November 4, 2024, Plaintiff filed a first amended complaint (Doc. 12) and a document titled "Plaintiff's Request For The Court To Vacate It's [sic] Order" (Doc. 13), referring to Judge Ryu's order transferring the action from the Northern District to this Court.

## II.  DISCUSSION

### *Plaintiff's Request*

Plaintiff's states he "made a typing error in paragraph 4 of the [original] complaint by typing Fresno instead of Alameda." (Doc. 13 at 1.) Plaintiff states a review of his original complaint reveals that "at paragraph 2 of the complaint it states the Defendant is Alameda County" and both causes of action identify "Defendant Alameda County." (*Id*. at 1-2.) Plaintiff states he has "fixed the error in paragraph 4 to now [read he] arrived at the Alameda County jail," as reflected in his first amended complaint. (*Id*. at 2.) Plaintiff asks this Court "to vacate its order transferring the case to the Eastern District in Fresno, and the real Defendant is Alameda County." (*Id*.)

The Court notes the caption of Plaintiff's request states the "United States District Court Northern District of California." (Doc. 13 at 1, 7-8.)  The document bears this Court's case number, and it does not appear that Plaintiff served the Northern District with this request. This Court will not vacate an order issued by a judge in another district court, and construes Plaintiff's request or motion to seek a transfer of this action back to the Northern District of California.

### *Analysis*

A review of the first amended complaint confirms that Plaintiff's claims arise from incidents occurring at the Alameda County Jail. (*See* Doc. 12 at 4 ["arrived at the Alameda County jail to be booked in as a civil detainee on or about July 2021"] & 6-7.) The first amended complaint also names "Alameda County" as the sole defendant in the action. (*Id*. at 4.)

If a court determines the appropriate venue for a case lies in another division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The general federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a

judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Here, Plaintiff's first amended complaint names only "Alameda County" as defendant, and alleges constitutional violations in Alameda County, which is located in the United States District Court for the Northern District of California. Venue is no longer proper in this district in light of Plaintiff's first amended complaint.

In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. *See* 28 U.S.C. § 1406(a); *see also Fayed v. Allison*, No. 2:21-cv-02041 DB P, 2023 WL 2431328, at *1 (E.D. Cal. Mar. 9, 2023) (transferring action to Northern District following the filing of a third amended complaint indicating the events giving rise to the claim occurred at San Quentin State Prison and naming only defendants located in that district). Therefore, this action will be transferred to the United States District Court for the Northern District of California.

### III. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request filed November 4, 2024 (Doc. 13), construed to be a motion for transfer, is **GRANTED**;
2. This action is transferred to the United States District Court for the Northern District of California; and
3. This Court has not ruled on Plaintiff's request to proceed *in forma pauperis*.

IT IS SO ORDERED.

Dated:   **November 15, 2024**            /s/ *Sheila K. Oberto*
                                  UNITED STATES MAGISTRATE JUDGE

3